United States District Court
Southern District of Texas
**ENTERED**
January 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Nicole Marie Jones, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-15-3163 |
| § | |
| All the Little Things Count, LLC., § | |
| § | |
| Defendant. § | |

## Opinion on Dismissal

1.  On October 9, 2015, Jones applied to proceed as pauper and represented that she was pro se. Unbeknownst to the court, Jones had received substantial assistance in preparing her complaint from an attorney. The court granted her application and then summarily dismissed her claims. Jones's "newly appearing" attorney then moved for reconsideration. The court vacated its dismissal to give Jones the opportunity to be heard by (a) amending her complaint, and (b) setting a conference. After a conference that lasted over one hour, Jones has been heard – thrice. She has substantiated none of her causes of action against All The Little Things Count, LLC.

2.  From July 17, 2008, until March 17, 2015, Nicole Marie Jones worked for Little Things as a home-care provider for patients who receive Medicaid benefits. Starting in 2009, Jones worked exclusively with one severely autistic client. She says she developed a close relationship with him and his family. The mother of the client was the commissioner of a sports league and, eventually, Jones officiated for it for pay. She says that the family never complained about her job performance.

3.  Starting in 2012, Little Things Count did not always pay Jones promptly for all of her services because she billed more hours than her Medicaid classification permitted – she was a full-time employee, and Medicaid would only pay for forty hours of care per week. If she demanded payment for more than forty hours, the company would have to cover the price of the non-billable hours for the patient. Jones, after the first request for payment for non-billable hours, contacted the chief operating officer of Little Things,

   Sandra Graves. The company promptly paid her. In February 2014, she again demanded payment for 14 to 26 non-billable hours. She was not promptly paid.

4. On March 11, 2015, Jones told Shamar Fletcher, the Consumer Services Director at Little Things, that if she was not paid for her extra hours she would complain to the Department of Labor. She also arranged with the client to take time off to complain; she did not tell Little Things of the arrangement. On March 16, 2015, she did not report to work. On March 17, she was fired for cause.

   Jones spends several pages in her amended complaint and spent a great deal of time at the conference asserting that she was not always paid on time; however, she concedes that she was paid – in full – for the hours she worked while employed by LittleThings.

5. In a lengthy termination memorandum, Little Things explained that Jones was fired for: (a) repeatedly violating protocol by arranging for times off from work without notifying it to ensure a replacement was available; (b) working more hours than insured by her patient's Medicaid plan; and (c) complaints about her ability to compassionately, responsibly, and safely care for patients in accord with its policies and the rules and guideline of the Department of Aging and Disability Services. As part of her termination settlement, it acquiesced her demands for additional pay and paid her for the non-billable twenty-six hours and for her last week of work.

6. She says that Little Things may have fired her because she knew that it and the client were defrauding medicaid. When asked to identify specific facts to support these claims, she had no answer. When asked when she reported the fraud, she said she had not. Jones should exercise more caution when accusing others of fraud.

7. She also says that Little Things may have fired her because she complained about not being paid for the non-billable hours. It did not retaliate against her; it fired her the day after she did not show up for work. It fired her not because it did not want to pay what she was owed, it fired her because she refused to conform to the billing scheme prescribed by Medicare, her inability to follow company procedure, and legitimate

concerns about the quality of care she provided.

7. Jones's claims will be dismissed with prejudice.

Signed on January 5, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge